[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Plaintiff has brought this action seeking an order of mandamus to direct the Commissioner of the Office of Health Care Access to hold a hearing under C.G.S. § 19a-638
and § 4-177.
FACTS
The complaint and application for the order allege the following relevant facts:
 "1. The plaintiff, . . . is a community-based, non-profit corporation formed for the purpose of running Mount Sinai Hospital as a full-service, community-based hospital controlled by the community it serves.
2. The defendant . . . is being sued in his official capacity.
 3. At all times material herein, the defendant . . . has been charged with carrying out the mandates of inter alia, Connecticut General Statutes § 19a-638.
 4. At all times material herein, St. Francis Hospital operated a full service hospital at, among other locations, its St. Francis facility in Hartford, Connecticut. It is subject to the provisions of CT Page 2860 C.G.S. § 19a-610-662 . . . and to the terms of a Stipulated Agreement entered into on or about June 30, 1995 under the provisions of C.G.S. § 154. et seq., the predecessor statute to the Office of Health Care Access Act. Until 1990, a separate full-service hospital, Mount Sinai Hospital, operated at the Mount Sinai facility in Hartford, Connecticut.
 5. On or about October 16, 1990, the predecessor agency to the OHCA the Connecticut Commission on Hospitals and Health Care, approved the affiliation of Mount Sinai and St. Francis hospitals. The affiliation agreement called for the two hospitals to continue as separate, independently licensed institutions with their own medical staffs and governing boards. Both hospitals assured the communities they served and regulators that they would continue to operate two separate full service hospitals to serve their respective communities.
 6. On or about June 30, 1995, the Commission on Hospitals and Health Care approved an "Agreed Settlement" which among other things approved the merger of Saint Francis Hospital and Medical Center and Mount Sinai Hospital, effective October 1, 1995. That settlement, at Paragraph 8 stated that:
 [T]he two acute care hospitals comprising the merged hospital will be considered as one hospital operating with two campuses with movement of beds from one campus to the other campus not requiring CON [certificate of need] approval Pursuant to C.G.S. Section 19a-154 [now 19a-638]. Should the merged hospital seek to terminate a service(s) from both campuses and/or substantively reduce the services offered by the merged hospital, a CON approval would be required for the merged hospital to so proceed.
 7. In or about December of 1997, Saint Francis determined to "substantively reduce the services offered by the merged hospital" by among other things. closing the emergency room, CT Page 2861 the operating room, and eliminating all medical/surgical beds at the Mount Sinai facility. This action is scheduled to occur on March 7, 1998.
 8. On or about February 10, 1998, the plaintiff. . . delivered a letter to the defendant . . . indicating its desire to operate the services at the Mount Sinai facility proposed to be terminated by St. Francis, and to operate a full-service hospital at that location. The letter further joined the efforts of others who had indicated the defendant . . . the need to conduct a Certificate of Need hearing pursuant to the Stipulated Agreement and the provisions of applicable law, or at the very least, to conduct a hearing to determine whether the change proposed by Saint Francis would, if implemented, constitute a substantive reduction in services.
 9. The defendant . . . is required to hold a hearing under C.G.S. § 19a-638, C.G.S. § 4-177 of the Uniform Administrative Procedures Act ("UAPA"), and under the express terms of Paragraph 8 of the Agreed Settlement.
 10. Despite the efforts of the plaintiff and others, the defendant . . . has refused to conduct a Certificate of Need hearing. or alternatively to conduct a hearing to determine if the change proposed by Saint Francis would, if implemented, constitute a substantive reduction in services. As a result the plaintiff is being deprived of its statutorily required opportunity to be heard."
There is no claim or proof that plaintiff is presently operating or capable of operating the business of a hospital although that is alleged as the stated purpose of the organization.
It is clear that many of the residents of the community presently being served could be adversely affected by the proposed change.
The court found the plaintiff's witnesses to be honest, articulate and concerned.
On June 30, 1995 there was a settlement between Saint Francis Hospital and Medical Center (St. Francis), the CT Page 2862 Camillus Corporation, Affiliated Health Systems of Connecticut, Inc. (Affiliated), and the Mount Sinai Hospitals and the Commission on Hospitals and Health Care (Commission). The Commission adopted the settlement as a finding and order. The settlement was made after a hearing on the parties filing a Certificate of Need (CON).
The settlement provided, inter alia (1) for a merger of St. Francis and Affiliated; (2) a merger of St. Francis and Mt. Sinai; and that after the mergers the parties anticipate that the major acute care focus will be at the St. Francis campus and special programs and ambulatory care will be at the Mt. Sinai campus.
In paragraph 8 of the settlement the Commission found:
 8. For purposes of CON approval requirements the two acute care hospitals comprising the merged hospital will be considered as one hospital operating with two campuses with movement of beds and services from one campus to the other campus not requiring CON approval. Pursuant to Section 19a-154 C.G.S., should the merged hospital seek to terminate a service(s) from both campuses and/or substantively reduce the services offered by the merged hospital, a CON approval would be required for the merged hospital to so proceed.
 I. STANDING
To have standing a party must be aggrieved. To prove that it "must allege a legally protected interest that is concrete and actual, not merely one that is hypothetical. A speculative loss . . . is insufficient to confer standing and establish aggrievement." New England Rehabilitation Hospital ofHartford. Inc. v. CHHC, 226 Conn. 105, 127. We have no allegation or proof that plaintiff itself has a legally protected interest. Nor is anything alleged that any interest it claims "can be distinguished from the interest of the general public."Connecticut Business Industry Assn, Inc. v. CHHC,18 Conn. 335, 345.
Although an association such as plaintiff need no longer demonstrate its own personal interest in the controversy it still must establish as a prerequisite for representational standing that its members would have standing to sue in their own right, id. 345. We have no claims as to who the "members" of the CT Page 2863 plaintiff non-profit corporation are, nor do we have any allegations or proof that injuries are likely to be done to the "members" of the corporation. As a result of this the complaint and application must be dismissed.
II. RIGHT TO MANDAMUS
"Mandamus is an extraordinary remedy. It is designed to enforce a plain positive duty. The writ will issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled and the party seeking the writ has a clear legal right to the performance." Gelinasv. West Hartford, 225 Conn. 575; Hennessey v.Bridgeport, 213 Conn. 656, 659.
The court cannot find a plain positive legal duty of the defendant. The court cannot find that this plaintiff has a clear legal right to the order of mandamus.
The plaintiff has no adequate remedy at law. The plaintiff has not been shown to have engaged in any improper or inequitable conduct.
Complaint and application is dismissed.
O'NEILL, J.